Filed 1/22/15  P. v. Chammas CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B257945 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA416839) |
| v. | |
| AFIF R. CHAMMAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Katherine Mader, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Afif R. Chammas appeals from a final judgment following a plea of nolo condendere to the charge of robbery in violation of Penal Code section 211. He also admitted a prior prison enhancement. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. We have reviewed the entire record and find no arguable issue. We affirm.

## STATEMENT OF FACTS

On August 26, 2013, appellant entered a CVS Pharmacy located on Hollywood Boulevard. At the time Frank Moreno, store security, was working loss prevention. He saw appellant enter and walk to the gift cards department. He saw appellant put some gift cards in his pocket, walked by the cash registers and towards the store exit. Moreno went outside to stop appellant and showed him his store security identification. Appellant pushed Moreno with both hands. There was a struggle and appellant ran to a vehicle in the parking lot. Moreno was able to get the license plate number and called 911. Appellant's cell phone fell out of his pocket as he ran from the scene.

Appellant was charged with one count of robbery. It was alleged he suffered a prior conviction within the meaning of Penal Code section 667.5, subdivision (b).

In exchange for his plea, appellant received a suspended sentence of six years and a grant of probation. Imposition of sentence was delayed pending his completion of the Cry Help program. Appellant would then be required to serve 180 days in county jail. If he failed to appear for the sentencing hearing appellant agreed to the court's imposition of the maximum term of six years.

On May 24, 1014, appellant failed to appear for the sentencing hearing. A bench warrant for his arrest was issued. On June 3, 2014, the trial court sentenced appellant to six years in state prison.

2

**DISCUSSION**

Appellant's appointed counsel filed a brief pursuant to *Wende, supra*, 25 Cal.3d at page 436, raising no issues. Appellant has been notified of his right to file a supplemental brief in this court and has not done so.

Having reviewed the entire record, we are satisfied that counsel has fully complied with his responsibilities and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *Wende, supra*, 25 Cal.3d at p. 441.)

**DISPOSITION**

The judgment is affirmed.


FLIER, J.


WE CONCUR:


BIGELOW, P. J.


RUBIN, J.

3